**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRENDA MCKINNEY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>　　　　　　　　Defendant. | Case No. 1:23-cv-01372-RLY-MJD |

**JOINT REPORT ON THE STATUS OF DISCOVERY**

Pursuant to the Court's November 1, 2023 Scheduling Order (ECF No. 27), the parties jointly submit the following Joint Report on the Status of Discovery in advance of the December 6, 2023 status conference.

**1. A detailed description of all discovery completed to date:**

**Plaintiff:** The parties have agreed to adopt the discovery conducted and produced in *Manassa v. NCAA*, 20-cv-3172 (S.D. Ind.) for use in this case. The last joint report in *Manassa* (ECF No. 233) summarizes much of that prior discovery and is attached to this filing as **Exhibit A**. Plaintiff also notes the Court's authorization in *Manassa* to file a motion to compel regarding any remaining discovery dispute that the parties are unable to resolve by agreement (*Manassa*, ECF No. 289), which followed a summary of disputed discovery issues submitted to the Court on September 21, 2023.

**The NCAA:**

- The parties exchanged initial disclosures on November 20, 2023.
- Plaintiff filed her preliminary witness and exhibit list on November 27, 2023.

- The NCAA filed its preliminary witness and exhibit list on December 4, 2023.

The NCAA disagrees with Plaintiff's assertion regarding the scope of the parties' agreement. As stated in the parties' Joint Case Management Plan, ECF No. 21, "The parties agree that, when discovery takes place, discovery produced in [*Manassa*] will be deemed produced in this action. The parties further agree that all deposition testimony (including deposition transcripts and audio or visual recordings) obtained in *Manassa* may be used in this action as if the depositions had occurred in and for the purposes of this action." The parties did not agree to adopt "the discovery conducted" in *Manassa* or agree to adopt the discovery disputes in *Manassa* or otherwise act as though this case simply continued where *Manassa* left off. In fact, in the "Disagreement Regarding Scope" section, Plaintiff stated that, among the additional discovery [that] must occur," is "the resolution of discovery disputes in *Manassa to the extent the disputed discovery is sought by McKinney for this case*." *Id*. (emphasis added). Plaintiff has not yet served any discovery requests in this case or otherwise sought discovery in this case, so there is no basis for a motion to compel on any topic.

**2. A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Currently, no due dates or deposition dates are pending beyond those in the Court's scheduling order.

**The NCAA:**

There is no presently scheduled or pending discovery.

> **3. A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.**

**Plaintiff:** Plaintiff incorporates her response to item 1, above. The parties will pick up and resolve, or Plaintiff will move to compel on, discovery disputes that arose in *Manassa*. Those disputes include, but are not limited to, deficiencies in NCAA RFP responses, RFA responses, and 30(b)(6) responses and designees on the following topics:

- NCAA Revenue
- Authentication
- HBCU mission, purpose, history, treatment
- NCAA Statements, Documents, & Compliance (e.g., to student athletes, regarding regulations, regarding compliance with its statements)
- Time Period for Production (before 1994, after 2020)
- Privilege

So far, there are no new discovery disputes unique to this action.

Attorneys Beth Fegan, Melissa Ryan Clark, and Jessica Meeder are responsible for resolving these disputes.

**The NCAA:**

No discovery has yet been served in this matter, so there are no pending discovery disputes that could give rise to a motion to compel. The NCAA does not agree that the discovery disputes in *Manassa* carry over into this case and that Plaintiff McKinney can move to compel on discovery served in *Manassa* without even serving discovery in this case.

> 4. **A detailed description of all discovery that is planned to be completed within the 28-day period following the report, including the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

Plaintiff will continue to attempt to resolve discovery disputes that were at issue in *Manassa*, hoping to reach stipulations to resolve at least some items. Plaintiff may serve requests for production in the next 28 days, particularly depending on the status of any objections by Defendant as to the appropriate scope (e.g., time period) of discovery in this matter, which was an open issue in *Manassa*.

Attorneys Beth Fegan, Melissa Ryan Clark, and Jessica Meeder are responsible for completing such discovery.

**The NCAA:**

The NCAA plans to serve discovery requests on Plaintiff within the next 28 days. The NCAA is in the process of collecting documents in anticipation of responding to document requests once they are made in this case, in addition to relying on the documents that were previously produced in *Manassa*. The NCAA also anticipates that the parties will negotiate an ESI protocol. The NCAA's counsel responsible for conducting such discovery are Brian Casey and Alicia Barrs.

> 5. **A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.**

**Plaintiff:**

The disputes and open discovery identified above and in *Manassa* remain to be completed. That will likely necessitate additional document production by Defendant, additional depositions, and the supplementation of prior discovery responses by Defendant. Plaintiff anticipates

Defendant will conduct discovery of her, e.g., through document requests or depositions. The parties may also conduct expert discovery to supplement that conducted in *Manassa.* Discovery will be completed in accordance with the Court's November 2, 2023 Case Management Plan, ECF No. 30. The parties will identify more specific time tables as discovery progresses.

Attorneys Beth Fegan, Melissa Ryan Clark, and Jessica Meeder are responsible for completing such discovery.

**The NCAA:**

The NCAA intends to depose Plaintiff after Plaintiff has completed her document production and other discovery responses. The NCAA anticipates completing its deposition of Plaintiff prior to the parties' class-certification briefing deadlines. The NCAA also understands that Plaintiff will conduct additional discovery in this matter. The scope of that discovery is not yet clear.

The NCAA's counsel responsible for conducting such discovery are Brian Casey and Alicia Barrs.

**6. Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.**

**Plaintiff:** None.

**The NCAA:** None.

DATED: December 4, 2023            Respectfully submitted,

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan *(admitted pro hac vice)*
beth@feganscott.com
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

Melissa R. Clark (admitted *pro hac vice*)
melissa@feganscott.com
**FEGAN SCOTT LLC**
140 Broadway, 46th Fl.
New York, NY 10005
Telephone: (347) 353-1150
Facsimile: (312) 264-0100

Jessica H. Meeder (admitted *pro hac vice*)
jessica@mayjung.com
**MAY JUNG LLP**
2006 MLK Ave., SE, Suite 210
Washington, DC 20020
Telephone: (202) 916-7289
Facsimile: (202) 618-8282

*Counsel for Plaintiff and the Class*

William N. Riley, Bar No.: 14941-49
Russell B. Cate, Bar No.: 27056-29
Sundeep Singh, Bar No. 36591-29
**RILEYCATE, LLC**
11 Municipal Drive, Ste. 320
Fishers, IN 46038
Telephone: (317) 588-2866
Facsimile: (317) 458-1875
wriley@rileycate.com
rcate@rileycate.com
ssingh@rileycate.com

***Attorneys for Plaintiff and the Proposed Class***

*/s/ Brian E. Casey*
Brian E. Casey
brian.casey@btlaw.com
BARNES & THORNBURG LLP
201 S. Main Street
South Bend, IN 46204
Telephone: 574-233-1171
Facsimile: 574-237-1125

Alicia Raines Barrs
Alicia.Rainesbarrs@btlaw.com
Anna Kalinina (admitted *pro hac vice*)
Anna.Kalinina@btlaw.com
Jake Winslett (admitted *pro hac vice*)
Jake.Winslett@btlaw.com
2121 N. Pearl Street, Suite 700
Dallas, TX 75201
Telephone: (214) 258-4200
Facsimile: (214) 258-4199

***Attorneys for Defendant the NCAA***